## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **TINA WITT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-001506 |
| | ) | |
| **THE LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY/The Plan,** | ) | |
| | ) | |
| Defendant. | ) | |

## THE LINCOLN NATIONAL LIFE INSURANCE
## COMPANY/THE PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company/The Plan ("Lincoln") files this,

its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Tina Witt ("Plaintiff"), and

states as follows:

1.      Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an

employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as

amended, 29 U.S.C. § 1001 et seq. ("ERISA"), but Lincoln denies Plaintiff is entitled to any such

relief or recovery.  Lincoln admits Plaintiff's claims are governed by ERISA.  Lincoln denies all

remaining allegations contained in Paragraph 1 of the Complaint.

2.      Lincoln admits Plaintiff was, at certain times, employed by Herzog Crebs, LLP

("Herzog").  Lincoln admits that Plaintiff was, at certain times, a participant in the long term

disability benefit plan (the "LTD Plan") sponsored by Herzog and that the LTD Plan is an

employee benefit plan as defined by ERISA.  Lincoln admits that Plaintiff exhausted

administrative remedies regarding the specific claims, issues, and rationales that were asserted in

the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for

recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B).  Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Lincoln admits the Court has jurisdiction over this action under ERISA.  Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln.  Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      Lincoln admits that venue is proper in this District and Division.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5.      Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, Lincoln denies this allegation.

6.      Lincoln admits Plaintiff was, at certain times, employed by Herzog, and a participant in the LTD Plan.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery.  Lincoln admits Plaintiff's claims are governed by ERISA.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Lincoln admits that it issued a Group Long-Term Disability Insurance Policy (the "Policy") to Herzog, which, at certain times, insured benefits from the LTD Plan.  Lincoln admits that the LTD Plan is an employee benefit plan as defined by ERISA.  Lincoln specifically denies that it was the plan sponsor and denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Lincoln admits that it was the claims administrator of claims for the LTD Plan under the Policy.  Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

## STATEMENT OF FACTS

10.      Lincoln admits Plaintiff was, at certain times, employed by Herzog as a paralegal, and that Plaintiff's last day of work at Herzog was February 6, 2015.  Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the LTD Plan under the Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan under the Policy.  Lincoln admits it sent a letter to Plaintiff dated August 12, 2016, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.      Lincoln admits it sent a letter to Plaintiff dated August 12, 2016, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.      Lincoln admits it received a first level appeal of the termination of Plaintiff's claim for benefits from the LTD Plan under the Policy, along with additional documentation, which are

contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.     Lincoln admits it sent a letter to Plaintiff's counsel dated December 28, 2017, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.     Lincoln admits it received a letter dated February 12, 2018, from Plaintiff's counsel, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

13.(sic)     Lincoln admits it sent a letter to Plaintiff dated March 7, 2018, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in the second Paragraph 13 of the Complaint.

[there are no paragraphs numbered 15 through 20 contained in the Complaint.]

21.(sic)     Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the

administrative review process.  Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.     Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.     Lincoln denies the allegations contained in Paragraph 23 of the Complaint.

24.     Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

25.     Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the Policy contains sufficient discretionary language to invoke that standard.

3.     Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

5.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim during the administrative review process.

6.      Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7.      Lincoln reserves the right to assert additional defenses.


## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein, and grant Lincoln such other and further relief as the Court deems proper.

Respectfully submitted,

By: */s/ Iwana Rademaekers*
    Iwana Rademaekers (Texas Bar No. 16452560)
    (*Admitted Pro Hac Vice*)
    LAW OFFICES OF IWANA RADEMAEKERS, P.C.
    14785 Preston Road, Suite 550
    Dallas, Texas 75254
    Main:  (214) 579-9319
    Fax:  (469) 444-6456
    Email:  iwana@rademaekerslaw.com

    ATTORNEYS FOR DEFENDANT THE
    LINCOLN NATIONAL LIFE INSURANCE
    COMPANY/The Plan

## CERTFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 2nd day of October 2018 to be served by operation of the Court's electronic filing system upon the following:

Kristen N. Van Fossan, #63608
Email:  kristenv@dwfox.com

*Attorneys for Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers